UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

August 27, 2020

LETTER TO COUNSEL

    RE:    *Rosa C. v. Saul*
                Civil No. DLB-19-3097

Dear Counsel:

On October 24, 2019, plaintiff filed a complaint contesting actions by the Social Security Administration ("SSA"). ECF No. 1. On March 10, 2020, the Commissioner filed a motion to dismiss for untimely filing. ECF No. 11. In support of its motion, the Commissioner submitted a declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations, Social Security Administration, and supporting documentation. ECF No. 11-2, Declaration ("Podraza Decl."). This case is before me on consent of the parties. ECF Nos. 4, 7. I have carefully reviewed the parties' filings. ECF Nos. 1, 11, 20, 21. No hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's motion to dismiss is granted.

On August 12, 2019, the Appeals Council mailed Plaintiff notice of its decision denying her request for review of an adverse decision from an Administrative Law Judge pertaining to her disability claim. Podraza Decl. ¶ 3(a); ECF No. 11-2 at 35-40. The notice was delivered in English and Spanish. *Id.* The notice advised Plaintiff of her right to commence a civil action within sixty days from receipt of the notice. *Id.*; *see* 42 U.S.C. § 405(g)-(h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice to allow sufficient time for mailing. 20 C.F.R. §§ 404.901, 422.210(c). Therefore, Plaintiff had to file her civil action by October 16, 2019. Plaintiff did not file her complaint until October 24, 2019. ECF No. 1. Through its declaration, the SSA has stated that it "is not aware of any request for an extension of time to file a civil action." Podraza Decl. ¶ 3(b).

Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. Because Plaintiff's filing was untimely, the inquiry turns to whether a valid basis exists to equitably toll the filing deadline. Under Fourth Circuit law, "because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the

*Rosa C. v. Saul*
Civil No. 19-3097-DLB
August 27, 2020
Page 2

defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action,'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280-81 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)), or where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time," *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)); *see also Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (explaining that "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'") (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)).

Plaintiff contends that extraordinary circumstances exist here. She argues that 1) the Appeals Council's notice was defective because she received only an English language version of the notice and she does not read or understand English well; 2) she was essentially a *pro se* plaintiff during the 60-day appeal time period and her prior counsel did not advise her that she had a right to appeal the Appeals Council decision; and 3) she attempted to request an extension of the filing deadline from the SSA. Pl.'s Opp. 3-6. Plaintiff presents understandable reasons why she missed the deadline, but they are legally insufficient to toll it. Even when the allegations are viewed in the light most favorable to her, plaintiff is unable to establish that "extraordinary circumstances beyond [her] control made it impossible to file the claims on time." *Harris*, 209 F.2d at 330. As such, plaintiff's circumstances regrettably do not constitute a valid basis for equitable tolling of the statutory deadline.

First, plaintiff argues that the Appeals Council's notice was defective because she only received a notice in English. Plaintiff acknowledges, however, that the Appeals Council notice attached to the Podraza Declaration, an exhibit to the government's motion, was in English and Spanish. Even though she acknowledges the official file contains notices in both languages, plaintiff argues that the notice was deficient because the English version was on top of the Spanish version "making the meaning of such paperwork not readily noticeable to plaintiff as to what exactly happened in her case." Pl.'s Opp. 4. Based on the record before me, I must conclude that the SSA sent the Appeals Council notice to plaintiff in English and Spanish. It is unfortunate that plaintiff did not review all of the pages to discover the notice in Spanish. However, there is no evidence that the SSA "wrongfully deceived or misled" plaintiff by placing the English version on top of the Spanish version. The fact that plaintiff did not notice that a Spanish version was included cannot be attributed to the SSA. Even if plaintiff received only an English version of the notice, her daughter discovered the correspondence and translated it for her approximately two weeks before the filing deadline.

Second, the fact that plaintiff was not represented after the Appeals Council's denial is not an extraordinary circumstance. Navigating the legal system can undoubtedly be challenging without representation, but it does not provide a basis for equitable tolling under the law. Courts, including this one, have routinely granted motions to dismiss where *pro se* plaintiffs filed complaints outside of the statute of limitations. *See, e.g.*, *Tlee C. v. Saul*, Civil No. DLB-19-3585, 2020 WL 3268529 (D. Md. June 17, 2020); *Yolonda B. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-19-1742, 2019 WL 7372293 (D. Md. Dec. 31, 2019); *Foster v. Comm'r, Soc. Sec. Admin.*,

*Rosa C. v. Saul*
Civil No. 19-3097-DLB
August 27, 2020
Page 3

Civil Case No. JFM-16-69, 2016 WL 2610113 (D. Md. May 6, 2016); *Cash v. Comm'r, Soc. Sec. Admin.*, Civil Case No. GLR-17-2171, 2018 WL 10561916 (D. Md. Jan. 3, 2018); *Hasty v. Comm'r, Soc. Sec. Admin.*, Civil Case No. JKB-17-1709, 2017 WL 6508984 (D. Md. Dec. 19, 2017).

Plaintiff's final argument also does not justify tolling the deadline. Plaintiff states that she attempted to request an extension from the SSA. Included with her opposition is an affidavit of her daughter who states that she wrote a letter requesting an extension and that she "wrote the address on the envelope for [her] mom to mail." ECF No. 20-1 ¶¶ 5-6. Although Plaintiff points out that the SSA routinely grants extensions, Pl.'s Opp. 5, the SSA does not have record of receiving a request. Neither plaintiff's opposition nor her daughter's affidavit allege that the letter was actually mailed, and there is no proof it was mailed or received. Even if Plaintiff could prove that she mailed the request for an extension before the filing deadline, she still could not establish an extraordinary circumstance beyond her control that would justify equitable tolling.

The record before me does not support a finding of misconduct on the part of the SSA or extraordinary circumstances beyond plaintiff's control that prevented her from filing timely. As a result, equitable tolling is not warranted. Because plaintiff did not file her complaint by the October 16, 2019 deadline, the Commissioner's Motion to Dismiss must be granted.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 11, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge